# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:09cv471
## [BR 04-31298]

| | |
|---|---|
| In Re: ROBERT W. HALLMAN, )<br>)<br>Debtor, )<br>)<br>_____ )<br>)<br>THE DAVID R. LAFAR, III FAMILY )<br>LLC, )<br>)<br>Appellant, )<br>)<br>Vs. )<br>)<br>MARY CATHERINE HOLCOMB, )<br>Chapter 7 Trustee, )<br>)<br>Appellee. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on for review of the Appeal filed by appellant David R. Lafar, III Family LLC. While the court has considered the briefs of the respective parties, the court will set the appeal for oral arguments. Of particular interest to the court is the opinion of Honorable J. Craig Whitley, United States Chief Bankruptcy Judge, in <u>In re Yatko</u>, 416 B.R. 193 (W.D.N.C. 2008), consistent with the Order and Judgment appealed from herein, wherein he held, as follows:

> under 11 U.S.C. 502d, this Court is required to disallow any claim of any entity from which property is recoverable under the Trustee's Chapter 5 avoiding powers, including the 547 preference provision. The case law under Section 502(d) generally recognizes that the section 502 claims block applies even where a 547 reference has not been filed, and even in cases where such an action would be barred by the section 546(a) statute of limitations. *In re Badger Lines, Inc.*, 206 B.R. 521, 527 (E.D.Wis. 1997); *In re McLean Indus., Inc.*, 196 B.R. 670 (S.D.N.Y. 1996); *In re Alamance Knit Fabrics, Inc.*, 2000 WL 33673789 (Bankr.M.D.N.C. 2000); *In re Romano*[,] 175 B.R. 585 (Bankr.W.D.Pa.1994).

Id., at 201. Likewise, in In re Alamance Knit Fabrics, Inc., 2000 WL 33673789 (Bankr.M.D.N.C. 2000), Honorable William L. Stocks, United States Chief Bankruptcy Judge, took a similar position, holding as follows:

> In light of the provisions of § 502(d) of the Bankruptcy Code, the Trustee's proposed payment of $11,000.00 to the defendant cannot be justified solely on the basis of the statute of limitations issue raised by the defendant. Section 502(d) provides that the court "shall disallow any claim of any entity ... that is a transferee of a transfer avoidable under section ... 547...." Even though an adversary proceeding is barred by the expiration of the limitations set forth in § 546(a), the Trustee still is entitled to object to the defendant's claim pursuant to § 502(d). "The clear weight of authority permits defensive reliance on the trustee's avoiding powers outside the two-year limit under § 546(a)." *In re Badger Lines, Inc.*, 206 B.R. 521, 527 (E.D.Wis.1997). Therefore, a creditor's claim may be objected to and barred as a preference under § 547, even though the trustee failed to filed an adversary proceeding or objection within the time specified in § 546(a). *See In re McLean Indus., Inc.*, 196 B.R. 670 (S.D.N.Y.1996); *In re Romano*, 175 B.R. 585 (Bankr.W.D.Pa.1994); In re KF Dairies, Inc., 143 B.R. 734 (9 th Cir. B.A.P.1992); *In re Chase & Sanborn Corp.*, 124 B.R. 368 (Bankr.S.D.Fla.1991); *In re Mid Atlantic Fund, Inc.*, 60 B.R. 604 (S.D.N.Y.1986). The same result has been reached where the trustee objects to a lien claimed by a creditor under § 502(d). *See In re Bucholz*, 224 B.R. 13 (Bankr.D.N.J.1988)(§ 546(b) did not bar debtor's objection to creditor's mortgage lien because lien not properly perfected under state law, and § 546 does not terminate trustee's status as a bonafide purchaser); *In re America W. Airlines, Inc.*, 208 B.R. 476, 480 (Bankr.D.Ariz.1997)(debtor or trustee may object to a statutory lien after § 546 statute of limitations period expires by relying on § 502(d) and establishing the elements of § 545). Thus, even though the Trustee in this case may not be entitled to maintain an adversary proceeding, the Trustee arguably may accomplish the same result by objecting to the secured claim pursuant to § 502(b) based upon § 547 of the Bankruptcy Code.

Id., at *2.

While appellant raises other issues concerning the actions or inaction of the appellee in the handling of the estate, the court believes that the appeal comes down to whether the legal conclusion of the bankruptcy court is correct concerning the impact of Section 546(a) on Section 502(d). Although the court understands that other circuits have concluded otherwise, the court would request that the parties focus their preparation on this issue for the

upcoming arguments.

Further, the court would request that counsel for the respective parties meet well in advance of the hearing to determine whether this action can be amicably resolved as the amount in controversy, while substantial, is not so great as to prevent the parties from reaching a fair compromise that would minimize further cost.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the appeal in this matter is **CALENDARED** for oral arguments on August 18, 2011, at a time to be noticed by the Clerk of this Court.

Signed: July 22, 2011

Max O. Cogburn Jr.
United States District Judge